## Case No. 4,454.
### The EMILY B. SOUDER.
[3 Ben. 159.][1]

District Court, E. D. New York. Feb., 1869.[2]

C. Van Santvoord, for libellants.
Beebe, Donohue & Cooke, for claimant.

BENEDICT, District Judge. This is an action brought to enforce a lien alleged to exist upon the American steamer Emily B. Souder, for the amount of certain advances made to that vessel by the libellants, Pakenham, Beatty & Co, in the port of Maranham, Brazil, into which port she put in distress, in June, 1865. The amount and correctness of the advances are not seriously disputed by the claimants. The defence relied upon is, that the advance was not made upon the credit of the vessel, but upon the credit of the owners, and that the libellants accepted a draft drawn by the mas-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 4,456.]

ter upon his owners as payment therefor. The proofs fail to sustain this defence. On the contrary, the weight of the evidence is, that the advance was made upon the credit of the vessel, and that the draft was not accepted as payment. It also appears in evidence, that the vessel was a vessel foreign to the port of Maranham, and that she was compelled to put into that port, in distress, by reason of an accident to her screw; that her master was without means sufficient to pay for the needed repairs, and the owners without any credit there; that the amount of the necessary expenditures of the vessel, to enable her to proceed on her voyage, was the sum of $5,966.65, in gold, towards defraying which the libellants advanced, upon the request of the master, and upon his agreement that it should be repaid in gold, the sum of $4,387.70, for which sum the master gave the libellants his draft upon his owners, payable in gold; but such draft was not given in payment of the advances, nor received in extinguishment of the original debt, and was never paid. Upon such a state of facts, according to the maritime law, a lien was created upon the vessel, in favor of the libellants, which they are entitled to enforce by this action.

The remaining question is as to the amount of the lien, and the kind of currency in which it is payable. As before stated, it appears that the parties contracted the debt in gold and the draft was made payable in gold, in New York. The case then appears to be clearly within the principle of the decision of the supreme court of the United States, in the late case of Bronson v. Rodes, 7 Wall. [74 U. S.] 229. That case decides that there is now, and has always been, notwithstanding the passage of the currency or legal tender acts, a lawful gold and silver coined money of the United States, in use as money and a legal tender, and that an express contract to pay coin can only be satisfied by the payment of coin. In the case before me the advances were, by the agreement of the parties, to be repaid in gold in the United States. The law gave to the libellants a lien upon the vessel, to secure this advance, and according to the decision of the supreme court that obligation can be satisfied, only by a payment in gold. In accordance with these views a decree must be entered in favor of the libellants against the steamer in question, for the sum of $4,387.70 in gold, with interest. The libellants are also entitled to recover their costs.